### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS WHITESIDE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>3LAB, INC. and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. **2:23-cv-4197**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, THOMAS WHITESIDE, by and through HIS undersigned counsel, brings this Complaint against Defendant 3LAB, Inc. ("3 Lab") and DOES 1 through 10, inclusive, and alleges as follows:

### **LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing address of the parties to this action are:

   Thomas Whiteside
   c/o Higbee & Associates
   1504 Brookhollow Drive, Suite 112
   Santa Ana, CA 92705

   3 Lab, Inc.
   61 W. Hunter Ave
   Maywood, New Jersey 07607

/ / /

/ / /

/ / /

/ / /

/ / /

## NATURE OF THE ACTION

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

## PARTIES

3. Plaintiff Thomas Whiteside ("Whiteside") is an individual and professional photographer residing in the State of California.

4. Upon information and belief, 3 Lab, Inc. is a New Jersey corporation organized and existing under the laws of the State of New Jersey.

5. The true names and capacities of Defendants Does 1 through 10, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of New Jersey, and/or it transacts business in the State of New Jersey.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of

the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Thomas Whiteside*

10. Whiteside is a highly successful international celebrity portrait photographer.

11. Whiteside's photographs have been published in multiple international magazines, including British VOGUE and VOUGE España, and his work has been featured in advertising campaigns for Givenchy, Louis Vuitton, and Stella Maxwell.

12. Whiteside licenses his work for a fee.

13. Whiteside's livelihood depends on receiving compensation for the works he produces, and the copyright protection afforded to his work deters would-be infringers from copying and profiting from his work without permission.

14. Whiteside is the sole author and exclusive rights holder to a photograph of actress Reese Witherspoon, holding her hands under her chin, wearing a white long-sleeved blouse with sheer sleeves. ("Whiteside Photograph").

15. Attached hereto as Exhibit A is a true and correct copy of the Whiteside Photograph.

16. Whiteside registered the Whiteside Image with the United States Copyright Office under Registration Number VA 2-354-543 with an effective date of July 12, 2023.

### *Defendant 3Lab, Inc.*

17. Upon information and belief, 3Lab, Inc. is the owner and operator of the website https://www.3lab.com/ ("3Lab Website").

18. According to the 3Lab Website, 3Lab is global leader in high-technology skincare, specializing in high-end antiaging products, including creams and serums, promising quick and noticeable results.

19. 3LAB has been behind some of the biggest breakthroughs in the beauty industry. It Within the company are over 40 chemists who discover and utilize the highest-grade botanical ingredients and innovative scientific technology to "contest the forces of nature and time.

20. 3Lab maintains an Instagram account under the handle @3labskincare at https://www.instagram.com/3labskincare ("3Lab Instagram Account").

21. Attached as Exhibit B is a true and correct screenshot of the 3Lab Instagram Account which includes a link to the 3Lab Website.

22. Upon information and belief, 3Lab generates content on the 3Lab Website and the 3Lab Instagram Account to attract user traffic, market and promote its products, and increase its customer base and revenue for the company.

23. At all relevant times, the 3Lab Website and the 3Lab Instagram Account were readily accessible to the general public throughout New Jersey, the United States, and the world.

24. At all relevant times, Defendant 3Lab had the ability to supervise and control all content on the 3Lab Website and the 3Lab Instagram Account.

### *Defendant's Unauthorized Use of the Whiteside Photograph*

25. On or about August 7, 2020, Whiteside discovered the Whiteside Photograph being used by 3Lab on the 3Lab Instagram Account in a post with pictures of their "'M' Eye" Brightening product superimposed on top of actress Reese Witherspoon's face.

26. Attached hereto as Exhibit C is a true and correct screenshot of the Whiteside Photograph as used on the 3Lab Instagram Account.

27. Whiteside does not have a record of the Whiteside Photograph being

4

licensed to Defendant nor did Whiteside grant Defendant permission or authorization to use, make a copy, or publicly display the Whiteside Photograph on the 3Lab Instagram Account.

### *Defendant's Infringing Conduct*

28. Upon information and belief, the purpose of 3Lab's use of the Whiteside Photograph on the 3Lab Instagram Account was to provide high-quality and aesthetically enticing content on the 3Lab Instagram Account congruent with 3Lab's marketing goals.

29. Upon information and belief, Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Whiteside Photograph and caused the Whiteside Photograph to be uploaded to and displayed on the 3Lab Instagram Account.

30. Upon information and belief, Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, posted, publicized, and otherwise held out to the public Whiteside's original and unique Whiteside Photograph for commercial purposes in order to acquire a direct financial benefit, through revenue from the sales of 3Lab's products, from the use of the Whiteside Photograph.

31. Upon information and belief, Defendant's use of the Photographs is willful because *inter alia,* Defendant knew, or should have known, it did not have permission or a legitimate license to use the Photographs on the 3Lab Social Media Accounts.

32. After discovering the unauthorized use of the Whiteside Photograph, Whiteside, through counsel, sent cease and desist correspondence to Defendant and communicated with Defendant, through his counsel, numerous times in an attempt to resolve this matter.

/ / /

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

33. Whiteside incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Whiteside owns a valid copyright in the Whiteside Photograph.

35. Whiteside registered the Whiteside Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

36. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of and displayed Whiteside's unique and original Whiteside Photograph without Whiteside's consent or authorization in violation of 17 U.S.C. § 501.

37. As a result of 3Lab's violations of Title 17 of the U.S. Code, Whiteside has sustained significant injury and irreparable harm.

38. As a result of 3Lab's violations of Title 17 of the U.S. Code, Whiteside is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

39. As a result of 3Lab's violation of Title 17 of the U.S. Code, the Court, in its discretion, may allow the recovery of full costs from 3Lab as part of the costs pursuant to 17 U.S.C § 505.

40. Whiteside is also entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against 3Lab as follows:

- For a finding that Defendant infringed Whiteside's copyright interest in his Whiteside Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all profits attributable to the infringements as provided by 17 U.S.C. §504(b) in an amount to be proven;
- For costs of litigation pursuant to 17 U.S.C. § 505;
- For an injunction preventing 3Lab from further infringement of all of Whiteside's copyrighted works pursuant to 17 U.S.C. § 502;
- For pre judgment and post judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: August 4, 2023                                Respectfully submitted,

**/s/ Melissa Clark**
Melissa Clark, Esq.
NJ State Bar No. 30812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mh@higbee.law
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Thomas Whiteside, hereby demands a trial by jury in the above matter.

Dated: August 4, 2023                                 Respectfully submitted,

**/s/ Melissa Clark**
Melissa Clark, Esq.
NJ State Bar No. 30812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mh@higbee.law
*Counsel for Plaintiff*